
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE RAMIREZ-MARTINEZ, aka Jorge Ramirez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr.,<sup>*</sup> Attorney General, <br><br> Respondent. | No. 04-74953 <br><br> Agency No. A031-083-650 <br><br> MEMORANDUM<sup>**</sup> |

On Petition for Review from
The Board of Immigration Appeals

Submitted April 11, 2008<sup>***</sup>
Pasadena, California

---

   <sup>*</sup> Eric H. Holder, Jr., is substituted for his predecessor, Michael Mukasey, as Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

   <sup>**</sup> This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   <sup>***</sup> The panel unanimously finds this case suitable for decision without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

Before: CANBY and BYBEE, Circuit Judges, and HUNT[****], District Judge.

Petitioner Jorge Ramirez-Martinez seeks review of a Board of Immigration Appeals ("BIA") decision reversing an Immigration Judge's ("IJ") decision that petitioner was eligible for and deserving of a waiver of deportation under former § 212(c) of the Immigration and Nationality Act ("INA") for a 1988 attempted murder conviction. We grant the petition and remand for further proceedings.

The BIA ordered petitioner removed as an aggravated felon under 8 U.S.C. § 1101(a)(43) based on his November 2, 1988 conviction for attempted murder. In *Ledezma-Galicia v. Holder*, — F.3d —, 2010 WL 5174979 (9th Cir. Dec. 22, 2010), we held that "the 1988 law that made aliens deportable for aggravated felony convictions did not apply to convictions prior to November 18, 1988; and . . . neither Congress's overhaul of the grounds for deportation in 1990 nor its rewrite of the definition of aggravated felony in 1996 erased that temporal limitation." *Id.* at *2. In light of *Ledezma-Galicia*, petitioner's November 2, 1988 attempted murder conviction does not, alone, make him removable under § 1101(a)(43). Because the BIA considered petitioner's removability only for his 1988 conviction, we remand to the BIA to determine in the first instance whether Ramirez is eligible

[****] The Honorable Roger L. Hunt, Chief United States District Judge for the District of Nevada, sitting by designation.

for removal on the basis of something other than the 1988 conviction, and, if so, whether he qualifies for relief.

GRANTED AND REMANDED.

*Ramirez-Martinez v. Holder*, No. 04-74953 (Pasadena–April 11, 2008)

BYBEE, Circuit Judge, concurring in the judgment:

I concur in the judgment of the court because it is governed by our decision in *Ledezma-Galicia v. Holder*, — F.3d —, 2010 WL 5174979 (9th Cir. Dec. 22, 2010). Nevertheless, for the reasons I explained in my dissent to that opinion, I continue to believe that the court is wrong.

This case surely confirms my judgment. In *Ledezma-Galicia*, the court held that Ledezma – who had been convicted of sodomy for sexually molesting a minor – cannot be removed because the removal statute "does not apply to convictions, like Ledezma-Galicia's, that occurred prior to November 18, 1988." 2010 WL at *20. As I pointed out, "the majority admitt[ed] that "this creates 'a small puncture in a broad shield' because aliens are deportable for any number of offenses committed prior to 1988." *Id.* (Bybee, J., dissenting). Today we hold that Congress intended this "small puncture" in the shield to extend to aliens such as Ramirez-Martinez, who was convicted of attempted murder on November 2, 1988. As Justice Jackson once remarked, quoting Mark Twain: "The more you explain it, the more I don't understand it." *SEC v. Chenery Corp.*, 332 U.S. 194, 214 (1947) (Jackson, J., dissenting). I reluctantly concur.